IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA,
Norfolk Division

FILED
DEC 31 2008
CLERK, US DISTRICT COURT
NORFOLK, VA

CHARTER COMMUNICATIONS OPERATING, LLC; AMERICAN CABLE ENTERTAINMENT COMPANY, LLC; ATHENS CABLEVISION, INC.; AUSABLE CABLE TV, INC.; CC 10, LLC; CHARTER COMMUNICATIONS, LLC; CHARTER CABLE PARTNERS, LLC; CHARTER COMMUNICATIONS V, LLC; CHARTER COMMUNICATIONS VI, LLC; CHARTER COMMUNICATIONS ENTERTAINMENT I, DST; CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC; CHARTER COMMUNICATIONS ENTERTAINMENT II, LLC; CC MICHIGAN, LLC; CHARTER COMMUNICATIONS PROPERTIES LLC; CC VIII OPERATING, LLC; CABLE EQUITIES COLORADO, LLC; CHARTER VIDEO ELECTRONICS, INC.; DALTON CABLEVISION, INC.; FALCON CABLE MEDIA, A CALIFORNIA LIMITED PARTNERSHIP; FALCON CABLEVISION, A CALIFORNIA LIMITED PARTNERSHIP; FALCON COMMUNITY CABLE, L.P.; FALCON CABLE SYSTEMS COMPANY II L.P.; FALCON COMMUNITY VENTURES I, LIMITED PARTNERSHIP; FALCON FIRST CABLE OF THE SOUTHEAST, INC.; FALCON FIRST CABLE OF NEW YORK, INC.; FALCON TELECABLE, A CALIFORNIA LIMITED PARTNERSHIP; FALCON VIDEO COMMUNICATIONS, L.P.; HPI ACQUISITION CO., LLC; HOMETOWN TV, INC.; INTERLINK COMMUNICATIONS PARTNERS, LLC; LONG BEACH, LLC; MIDWEST CABLE COMMUNICATIONS, INC.; PEACHTREE CABLE TV, L.P.; PLATTSBURGH CABLEVISION, INC.; RIFKIN ACQUISITION PARTNERS, LLC; RENAISSANCE MEDIA LLC; ROBIN MEDIA GROUP, INC.; SCOTTSBORO TV CABLE, INC.; TIOGA CABLE COMPANY, INC.; TENNESSEE, LLC; THE HELICON GROUP, L.P.; VISTA BROADBAND COMMUNICATIONS, LLC; MARCUS CABLE ASSOCIATES, L.L.C.; AND MARCUS CABLE OF ALABAMA, L.L.C.,

Plaintiffs,

v.

VERIZON COMMUNICATIONS INC.; VERIZON VIRGINIA INC.; VERIZON SOUTH INC. and JOHN DOES 1-25,

Defendants.

3:08cv850

Civil Action No.: 2:08cv______

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Charter Communications Operating, LLC ("Charter Operating"); American Cable Entertainment Company, LLC; Athens Cablevision, Inc.; Ausable Cable TV, Inc.; CC 10, LLC; Charter Communications, LLC; Charter Cable Partners, LLC; Charter Communications V, LLC; Charter Communications VI, LLC; Charter Communications Entertainment I, DST; Charter Communications Entertainment I, LLC; Charter Communications Entertainment II, LLC; CC Michigan, LLC; Charter Communications Properties LLC; CC VIII Operating, LLC; Cable Equities Colorado, LLC; Charter Video Electronics, Inc.; Dalton Cablevision, Inc.; Falcon Cable Media, a California Limited Partnership; Falcon Cablevision, a California Limited Partnership; Falcon Community Cable, L.P.; Falcon Cable Systems Company II, L.P.; Falcon Community Ventures I, Limited Partnership; Falcon First Cable of the Southeast, Inc.; Falcon First Cable of New York, Inc.; Falcon Telecable, a California Limited Partnership; Falcon Video Communications, L.P.; HPI Acquisition Co., LLC; Hometown TV, Inc.; Interlink Communications Partners, LLC; Long Beach, LLC; Midwest Cable Communications, Inc.; Peachtree Cable TV, L.P.; Plattsburgh Cablevision, Inc.; Rifkin Acquisition Partners, LLC; Renaissance Media LLC; Robin Media Group, Inc.; Scottsboro TV Cable, Inc.; Tioga Cable Company, Inc.; Tennessee, LLC; The Helicon Group, L.P.; Vista Broadband Communications, LLC; Marcus Cable Associates, L.L.C.; and Marcus Cable of Alabama, L.L.C. (collectively, "Charter," "Charter Licensees," or "Plaintiffs") complain as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C § 1, *et seq.*, in which Charter accuses Verizon's "Fiber Optic Service" ("FiOS") television services of infringing four United States patents owned by Charter Communications Operating, LLC and licensed exclusively to the Charter Licensees in their respective geographic territories. Verizon operates FiOS in territories throughout the United States, including in markets where FiOS competes head-to-head with Charter's cable televi-

sion and other services. Charter seeks damages in an amount to be determined at trial together with permanent injunctive relief.

## THE PARTIES

### A. The Charter Parties

2. Plaintiff Charter Communications Operating, LLC ("Charter Operating") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. Charter Operating is a subsidiary of Charter Communications, Inc., which is a leading broadband communications company and the third-largest publicly traded cable operator in the United States, and which provides a full range of advanced broadband services to subscribers, including digital video entertainment programming, high-speed Internet access, and telephone services. Charter Operating holds an undivided ownership interest in the four United States patents at issue in this lawsuit.

3. Plaintiff American Cable Entertainment Company, LLC ("ACEC") is a limited liability company organized and existing under the laws of the State of Delaware with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. ACEC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

4. Plaintiff Athens Cablevision, Inc. ("ACI") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. ACI within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

5. Plaintiff Ausable Cable TV, Inc. ("ACTV") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. ACTV within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

6. Plaintiff CC 10, LLC is a limited liability company organized and existing un-

der the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CC 10, LLC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

7. Plaintiff Charter Communications, LLC ("CC LLC") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CC LLC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

8. Plaintiff Charter Cable Partners, LLC ("CC PTNRS") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CC PTNRS within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

9. Plaintiff Charter Communications V, LLC ("CC V") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CC V within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

10. Plaintiff Charter Communications VI, LLC ("CC VI") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CC VI within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

11. Plaintiff Charter Communications Entertainment I, DST ("CCE DST") is a Delaware Statutory Trust with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CCE DST within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

12. Plaintiff Charter Communications Entertainment I, LLC ('CCE-I") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CCE-I within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

13. Plaintiff Charter Communications Entertainment II, LLC ("CCE-II") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CCE-II within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

14. Plaintiff CC Michigan, LLC ("CCMI") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CCMI within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

15. Plaintiff Charter Communications Properties LLC ("CCP LLC") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CCP LLC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

16. Plaintiff CC VIII Operating, LLC ("CC VIIIOP") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CC VIIIOP within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

17. Plaintiff Cable Equities Colorado, LLC ("CEC") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. CEC within its respective geo-

graphic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

18. Plaintiff Charter Video Electronics, Inc. ("CVE INC") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. CVE INC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

19. Plaintiff Dalton Cablevision, Inc. ("DCI") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. DCI within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

20. Plaintiff Falcon Cable Media, a California Limited Partnership ("FCM") is a limited partnership organized and existing under the laws of the State of California, with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. FCM within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

21. Plaintiff Falcon Cablevision, a California Limited Partnership, ("FCAB") is a limited partnership organized and existing under the laws of the State of California with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. FCAB within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

22. Plaintiff Falcon Community Cable, L.P. ("FCC LP") is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. FCC LP within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

23. Plaintiff Falcon Cable Systems Company II, L.P. ("FCSC II") is a limited partnership organized and existing under the laws of the State of California with its principal

place of business at 12405 Powerscourt Drive, St. Louis, Missouri. FCSC II within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

24. Plaintiff Falcon Community Ventures I, Limited Partnership ("FCV I") is a limited partnership organized and existing under the laws of the State of California with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. FCV I within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

25. Plaintiff Falcon First Cable of the Southeast, Inc. ("FFCS") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. FFCS within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

26. Plaintiff Falcon First Cable of New York, Inc. ("FFNY") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. FFNY within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

27. Plaintiff Falcon Telecable, a California Limited Partnership ("FTC") is a limited partnership organized and existing under the laws of the State of California with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. FTC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

28. Plaintiff Falcon Video Communications, L.P. ("FVC") is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. FVC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

29. Plaintiff HPI Acquisition Co., LLC ("HPIAC") is a limited liability company

organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. HPIAC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

30. Plaintiff Hometown TV, Inc. ("HTTV") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. HTTV within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

31. Plaintiff Interlink Communications Partners, LLC ("ICP") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. ICP within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

32. Plaintiff Long Beach, LLC ("LBAC") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. LBAC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

33. Plaintiff Midwest Cable Communications, Inc. ("MCC INC") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. MCC INC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

34. Plaintiff Peachtree Cable TV, L.P. ("Peachtree") is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. Peachtree within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

35. Plaintiff Plattsburgh Cablevision, Inc. ("PCI") is a Delaware corporation with

its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. PCI within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

36. Plaintiff Rifkin Acquisition Partners, LLC ("RAP") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. RAP within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

37. Plaintiff Renaissance Media LLC ("RML") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. RML within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

38. Plaintiff Robin Media Group, Inc. ("Robin") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. Robin within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

39. Plaintiff Scottsboro TV Cable, Inc. ("STVC") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. STVC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

40. Plaintiff Tioga Cable Company, Inc. ("TCC") is a Delaware corporation with its principal offices at 12405 Powerscourt Drive, St. Louis, Missouri. TCC within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

41. Plaintiff Tennessee, LLC ("TN LLC") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive St. Louis, Missouri. TN LLC within its respective geographic terri-

tory is an exclusive licensee of the four United States patents at issue in this lawsuit.

42.     Plaintiff The Helicon Group, L.P. ("THGLP") is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. THGLP within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

43.     Plaintiff Vista Broadband Communications, LLC ("Vista") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt, Drive St. Louis, Missouri. Vista within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

44.     Plaintiff Marcus Cable Associates, L.L.C. ("MCA") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. MCA within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

45.     Plaintiff Marcus Cable of Alabama, L.L.C. ("MCAL") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri. MCAL within its respective geographic territory is an exclusive licensee of the four United States patents at issue in this lawsuit.

**B.     The Verizon Parties**

46.     Defendant Verizon Communications Inc. ("Verizon Communications") is a Delaware corporation with its principal place of business at 140 West Street, New York, New York. Verizon Communications provides broadband and other wireline and wireless communication services to mass markets, business, government and wholesale customers, serving more than 67 million customers nationwide. Verizon Communications Inc., through its division Telecom (or Wireline Telecom), offers for sale and sells FiOS television services

to subscribers throughout the United States. Upon information and belief, Verizon Communications asserts 100% control over, and directs the operations of, numerous Verizon subsidiaries and corporate affiliates that serve as the agents of Verizon Communications with respect to the offer for sale and sale of FiOS television services throughout the United States and in this District.

47. Defendant Verizon Virginia Inc. (Verizon Virginia) is a Virginia Corporation with its principal place of business in Glen Allen, Virginia. Verizon Virginia is engaged in the business of selling and offering for sale, including in this District, Verizon FiOS television services.

48. Defendant Verizon South Inc. ("Verizon South") is a Virginia corporation with its principal place of business in Irving, Texas. Verizon South is engaged in the business of selling and offering for sale, including in this District, Verizon FiOS television services.

49. Defendants John Doe Nos. 1-25 are unknown Verizon Communications affiliates that offer for sale and sell FiOS television services to subscribers within the United States.

## JURISDICTION AND VENUE

50. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court enjoys subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1138.

51. This Court enjoys personal jurisdiction over Verizon Virginia because Verizon Virginia is a Virginia corporation and thus resides in this Commonwealth, and because Verizon Virginia has transacted business, contracted and committed acts of infringement in this Commonwealth out of which this complaint arises.

52. This Court enjoys personal jurisdiction over Verizon South because Verizon South is a Virginia corporation and thus resides in this Commonwealth, and because Verizon South has transacted business, contracted and committed acts of infringement in this Com-

monwealth out of which this complaint arises.

53. This Court enjoys personal jurisdiction over Verizon Communications because Verizon Communications is registered to do business, and maintains a registered agent for service of process, in this Commonwealth, and thus is present in, and has purposefully availed itself of the benefits of the laws of, the Commonwealth of Virginia. Verizon Communications also, through directing and controlling the actions of its wholly-owned subsidiaries and affiliates, Verizon Virginia and Verizon South, who thus act as agents of Verizon Communications with respect to Verizon's FiOS television services, has transacted business, contracted, and committed acts of infringement in this Commonwealth out of which this complaint arises.

54. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because defendants, through their contacts with this District, including the sale and offer for sale of FiOS television services, reside in and are subject to personal jurisdiction in this District.

**COUNT I**
**(Infringement of U.S. Patent No. 6,684,400)**

55. Plaintiffs incorporate the allegations of paragraphs 1-54 as if fully restated herein.

56. On January 27, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,684,400, entitled "Method And Apparatus For Providing Dynamic Pricing Services For An Interactive Information Distribution System" ("the '400 patent"). A copy of the '400 patent is attached hereto as **Exhibit A**.

57. Plaintiff Charter Operating holds an undivided ownership interest in the '400 patent. All remaining Plaintiffs are, within their respective geographic territories, exclusive licensees of the '400 patent.

58. Upon information and belief, defendants are infringing the '400 patent by making, using, selling, and offering for sale—and inducing others to make, use, sell, and offer for sale—FiOS television services throughout the United States and in this District that

embody one or more claims of the '400 patent.

59. Defendants' infringement of the '400 patent has damaged Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

**COUNT II**
**(Infringement of U.S. Patent No. 6,314,573)**

60. Plaintiffs incorporate the allegations of paragraphs 1-59 as if fully restated herein.

61. On November 6, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,314,573, entitled "Method And Apparatus For Providing Subscription-On-Demand Services For An Interactive Information Distribution System" ("the '573 patent"). A copy of the '573 patent is attached hereto as **Exhibit B**.

62. Plaintiff Charter Communications Operating, LLC holds an undivided ownership interest in the '573 patent. All remaining Plaintiffs are, within their respective geographic territories, exclusive licensees of the '573 patent.

63. Upon information and belief, defendants are infringing the '573 patent by making, using, selling, and offering for sale—and inducing others to make, use, sell, and offer for sale—FiOS television services throughout the United States and in this District that embody one or more claims of the '573 patent.

64. Defendants' Infringement of the '573 patent has damaged Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

**COUNT III**
**(Infringement of U.S. Patent No. 6,477,182)**

65. Plaintiffs incorporate the allegations of paragraphs 1-64 as if fully restated herein.

66. On November 5, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,477,182, entitled "Data Transmission Method And Apparatus" ("the '182 patent"). A copy of the '182 patent is attached hereto as **Exhibit C**.

67. Plaintiff Charter Communications Operating, LLC holds an undivided owner-

ship interest in the '182 patent. All remaining Plaintiffs are, within their respective geographic territories, exclusive licensees of the '182 patent.

68. Upon information and belief, defendants are infringing the '573 patent by making, using, selling, and offering for sale—and inducing others to make, use, sell, and offer for sale—FiOS television services throughout the United States and in this District that embody one or more claims of the '182 patent.

69. Defendants' Infringement of the '182 patent has damaged Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

**COUNT IV**
**(Infringement of U.S. Patent No. 6,826,197)**

70. Plaintiffs incorporate the allegations of paragraphs 1-69 as if fully restated herein.

71. On November 30, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,826,197, entitled "Data Packet Structure For Digital Information Distribution" ("the '197 patent"). A copy of the '197 patent is attached hereto as **Exhibit D.**

72. Plaintiff Charter Communications Operating, LLC holds an undivided ownership interest in the '197 patent. All remaining Plaintiffs are, within their respective geographic territories, exclusive licensees of the '197 patent.

73. Upon information and belief, defendants are infringing the '197 patent by making, using, selling, and offering for sale—and inducing others to make, use, sell, and offer for sale—FiOS television services throughout the United States and in this District that embody one or more claims of the '197 patent.

74. Defendants' Infringement of the '197 patent has damaged Plaintiffs and will continue to cause irreparable harm to Plaintiffs unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this honorable Court enter an order:

A. Declaring that defendants have infringed U.S. Patent No. 6,684,400;

B. Declaring that defendants have infringed U.S. Patent No. 6,314,573;

C. Declaring that defendants have infringed U.S. Patent No. 6,477,182;

D. Declaring that defendants have infringed U.S. Patent No. 6,826,197;

E. Awarding Plaintiffs damages in an amount to be determined at trial, but in no event less than a reasonable royalty, including pre-judgment interest;

F. Enjoining from further infringement of each of the foregoing patents each defendant and its respective officers, agents, servants, employees, attorneys and all persons in active concert or participation therewith;

G. If the facts demonstrate that this case is exceptional pursuant to 35 U.S.C. § 285, ordering defendants to reimburse Plaintiffs for their attorneys' fees and costs reasonably incurred in prosecuting this action; and

H. Awarding Plaintiffs such other and further relief as this Court deems just and reasonable under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues properly so triable.

Respectfully submitted,

Stephen E. Noona
VSB No. 25367
senoona@kaufcan.com
J. Bradley Reaves
VSB No. 71389
jbreaves@kaufcan.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169

Bradford P. Lyerla
blyerla@marshallip.com
Jeffrey H. Dean
jdean@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

*Counsel for Plaintiffs*
*CHARTER COMMUNICATIONS*
*OPERATING, LLC and its LICENSEES*

December 31, 2008